UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| LA'SHANTA S. ROBERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-053 |
| | ) | |
| CORRECT HEATH, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff La'Shanta S. Roberson has filed a Complaint asserting a 42 U.S.C. § 1983 claim arising from the termination of her employment. *See* doc. 1 at 5. She alleges "retaliation, discrimination based on race, gender, and disability[,] and refusal to allow [her] to have counsel present," during an investigation of alleged employment misconduct. *Id.* She has named as defendants Correct Health, "Triange" or "Triage" Holding Inc., Shawn Wood, apparently an employee of Correct Health, and Carlos Musso, who also appears to be an employee of one of the named entities, the Chatham County Sheriff's Office, and John T. Wilcher. *See id.* at 1-4. Finally, she has attached a right-to-sue letter from the United States Equal Employment Opportunity Commission.

1

*See* doc. 1-1. She has also moved to pursue his case *in forma pauperis* (IFP). Doc. 2. Because it appears that she is indigent, that request is **GRANTED**. Doc. 2. The Court must, therefore, screen her Complaint. *See* 28 U.S.C. § 1915(e).

"Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.* at 678, and the facts offered in support of the claims must rise to a level greater than mere speculation, *Twombly*, 550 U.S. at 555. Stated otherwise, the complaint must provide a "'plain statement'

possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Roberson is explicit that she asserts her employment-based claims "[u]nder Section 1983." Doc. 1 at 5. Section 1983 may, in some circumstances, be used to assert employment discrimination and retaliation claims. *See, e.g., Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008). The Sheriff's Department, however, is not subject to suit under § 1983. *See, e.g., Dempsey v. Elmore*, 2008 WL 4491475, at *5 (S.D. Ga. Oct. 3, 2008). To the extent that Roberson asserts a claim against the Sheriff's Department, it should be **DISMISSED**.

Roberson's claims against the remaining defendants is somewhat unclear. She alleges that "Correct Health" notified her that, presumably her employment, "was being terminated due to [her] security clearance being revoked, and failure to cooperate with an ongoing investigation." Doc. 1 at 5. The "investigation" appears to have involved allegations by Defendant Shawn Wood that Roberson misused or "stole" a computer. *Id.* During some portion of the process, Roberson "asked to bring [her] attorney in with [her]," and was denied. *Id.* She alleges that Wood made the false statements in retaliation for her report that he "directed [her]

3

to turn in falsified documentation stating that [she] provided training to staff." *Id.* She also alleges that she reported, it's not clear to whom, that Correct Health was "allowing medical staff to work without license, and proper certifications." *Id.* Finally, she alleges that "[t]he Sheriff department [sic] became upset when [she] contacted a lawyer and just allowed Correct Health to use them as the reason to get rid of [her]."[1] How those allegations implicate racial, gender, or disability discrimination is entirely opaque. *See, e.g., id.* at 5.

While Plaintiff's allegations are too vague for the Court to fully evaluate her claims, it is not clear that she has failed to state a claim, to subject her Complaint to dismissal pursuant to 28 U.S.C. § 1915(e). To assert a § 1983 claim arising from employment discrimination or retaliation, the plaintiff's employer must be a state actor. *See, e.g., Hornsby-Culpepper v. Ware*, 906 F.3d 1312, n. 6 (11th Cir. 2018) (citing *Bryant v. Jones*, 575 F.3d 1281, 1296 n. 1 & 20 (11th Cir. 2009)) ("Employment discrimination claims against state actors . . . are cognizable under § 1983 . . . ."). While private entities and individuals

---

[1] The end of the quoted sentence, beginning with "allowed," is difficult to read because Plaintiff's typed text has been cut off. *See* doc. 1 at 5. Despite the difficulty, the Court believes that the quotation above is accurate.

are subject to liability under § 1983, as effective state actors, "only in rare circumstances," *see, e.g., Brown v. Lewis*, 361 F. App'x 51, 54 (11th Cir. 2010), determination of those circumstances may involve factual analysis not possible or appropriate at screening, *see, e.g., id.* (describing "three distinct tests for determining whether a private party acted under color of state law," and noting, in addition, "[a] private party may also be held liable under § 1983 when he conspires with state actors to violate the plaintiff's constitutional rights."). *Cf. Mahoney v. Beacon Health Ventures*, 585 F. Supp. 3d 1161, 1167-71 (N.D. Ind. 2022) (considering whether a private prison health-care company acted under color of state law in an employment dispute). There are also several defendants, "Triage" or "Triange" Holding Inc., Musso, and Wilcher, who are not referred to at all in Roberson's allegations. *See generally* doc. 1 at 5. Despite those ambiguities, Roberson will have further opportunity to pursue service upon the defendants, as discussed below.

Under the Federal Rules of Civil Procedure, "[t]he plaintiff is responsible for having the summons and complaint served within [ninety days]." Fed. R. Civ. P. 4(c)(1), (m). The Rules also provide that "[a]ny person who is at least 18 years old and not a party may serve a summons

5

and complaint." Fed. R. Civ. P. 4(c)(2). Alternatively, a plaintiff authorized to proceed *in forma pauperis* is entitled to service by the United States marshal or deputy marshal, "[a]t the plaintiff's request." Fed. R. Civ. P. 4(c)(3); *see Nagy v. Dwyer*, 507 F.3d 161, 164 (2d Cir. 2007) ("[T]he district court may require plaintiffs proceeding *in forma pauperis* to affirmatively request that the court appoint the Marshals to serve the summons and complaint on the defendant."); *see also*, 4A Adam N. Steinman, Federal Practice & Procedure Civil § 1090 (4th ed. 2022) ("Service of a summons and complaint by a marshal must be utilized—if requested by the plaintiff—when the plaintiff is proceeding in an action in forma pauperis . . . .").

Within fourteen days from the date of this Order, plaintiff must either (1) request summonses from the Clerk, pursuant to his standard procedures, *see, e.g.,* Fed. R. Civ. P. 4(b); or (2) file a motion requesting that the Court authorize service by the United States Marshal or deputy marshal. If Plaintiff elects not to request service by the marshals, and instead requests summonses from the Clerk, she may utilize the waiver process, detailed in Rule 4(d). To facilitate Plaintiff's use of the Rule's waiver provisions, the Clerk is **DIRECTED** to provide Plaintiff, in

6

addition to the summonses, with one blank copy of Forms AO 398 (Notice of a Lawsuit and Request to Waive Service of a Summons) and AO 399 (Waiver of the Service of Summons), and one service copy of the complaint per defendant, other than the Sheriff's Department.  The Clerk is **DIRECTED** to note the issuance of any summonses on the docket.  Plaintiff is advised that, upon issuance of a summons, service must be effected and proofs of service must be filed, pursuant to Fed. R. Civ. P. 4(l), *see* Form AO 440 at 2, no later than ninety days from the date the complaint was filed.  *See* Fed. R. Civ. P. 4(m).  Failure to timely serve a defendant may result in dismissal "of the action without prejudice against that defendant . . . ." *Id.*

If Plaintiff files a motion requesting service by the United States Marshal, the Court will enter a separate order authorizing service, as appropriate, *see* 28 U.S.C. § 1915(e)(2); *Taliaferro v. United States*, 677 F. App'x 536, 537 (11th Cir. 2017), and providing instructions.  Plaintiff is advised that failure to timely comply with this Order may result in dismissal for failure to prosecute or comply with a court order.  *See* doc. 41(b); *see also, e.g., Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011) (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d

1333, 1337 (11th Cir. 2005)) ("The district court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order.")).

In summary, Plaintiff's claim against the Chatham County Sheriff's Department should be **DISMISSED**. She is **DIRECTED** to elect how to pursue service upon the remaining defendants within fourteen days from the date of this Order and Report and Recommendation, as discussed above. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of

8

rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 10th day of March, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA