**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

LA'SHANTA S. ROBERSON,            )
                                                     )
                          Plaintiff,           )
                                                     )
v.                                                   )            CV423-053
                                                     )
CORRECT HEATH, *et. al.*,             )
                                                     )
                          Defendants.       )

## <u>ORDER</u>

*Pro se* plaintiff La'Shanta S. Roberson has filed a Complaint asserting a 42 U.S.C. § 1983 claim arising from the termination of her employment. *See* doc. 1 at 5. She alleges "retaliation, discrimination based on race, gender, and disability[,] and refusal to allow [her] to have counsel present," during an investigation of alleged employment misconduct. *Id.* She has named as defendants Correct Health, "Triange" or "Triage" Holding Inc., Shawn Wood, apparently an employee of Correct Health, Carlos Musso, who also appears to be an employee of one of the named entities, the Chatham County Sheriff's Office, and John T. Wilcher. *See id.* at 1-4. The undersigned's recommendation that her claim against the Chatham County Sheriff's Office be dismissed was

1

adopted by the District Judge without objection.  *See* doc. 8.  The Court previously determined that Roberson's Complaint was not subject to dismissal, pursuant to 28 U.S.C. § 1915(e), and directed her to elect whether she requested service by the United States Marshal.  *See* doc. 6 at 3-7.  She has requested marshal service.  *See* doc. 7.  To avoid undue burden on the Marshal, the Court must consider whether service upon all of the named defendants is appropriate.  *See, e.g.*, 28 U.S.C. § 1915(e)(2)(B).

"Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)."  *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).  To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-

me accusation," *id.* at 678, and the facts offered in support of the claims must rise to a level greater than mere speculation, *Twombly*, 550 U.S. at 555. Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Roberson is explicit that she asserts her employment-based claims "[u]nder Section 1983." Doc. 1 at 5. Section 1983 may, in some circumstances, be used to assert employment discrimination and retaliation claims. *See, e.g., Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008). As the Court previously noted, while her allegations of retaliation by Correct Health and Wood are somewhat clear, her claims against the remaining defendants and under the listed alternative theories are not. *See* doc. 6 at 3-4. There are no allegations that even mention defendants "Triange" or "Triage" Holding, Inc., Carlos Musso, or John T. Wilcher, much less connect them to the alleged discrimination. *See* doc. 1 at 5. There are, similarly, no allegations implicating discrimination on the bases of race, gender, or disability. *Compare id.* at 3, 5 (alleging discrimination due to race, disability, and gender), *with id.* at 5. Before the Court will approve those claims for service by the

3

Marshal, Roberson must clarify her claims against those defendants and support, with factual allegations, her complaints of discrimination on the bases of race, disability, and gender.

Accordingly, Roberson is **DIRECTED** to submit an Amended Complaint clarifying her claims against "Triange" or "Triage" Holding, Inc., Carlos Musso, and John T. Wilcher and the factual basis of her claim that any defendant discriminated against her on the bases of her race, disability, or gender. *See, e.g., Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). She is **DIRECTED** to submit her Amended Complaint no later than April 28, 2023. To facilitate her preparation of the Amended Complaint, the Clerk is **DIRECTED** to send her blank copies of Form Pro Se 15 (Complaint for Violation of Civil Rights (Non-Prisoner)) and Form Pro Se 7 (Complaint for Employment Discrimination). Roberson is advised that her amended complaint will supersede the current operative complaint and therefore must be

complete in itself. *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982).

**SO ORDERED**, this 6th day of April, 2023.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA