UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LA'SHANTA S. ROBERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV423-053 |
| ) | |
| CORRECT HEALTH, *et. al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff La'shanta S. Roberson filed a Complaint asserting that her constitutional rights were violated during the course of her employment. *See* doc. 1; *see also* doc. 6 at 4-5. She was permitted to proceed *in forma pauperis* and the Court recommended that her claims against the Chatham County Sheriff's Department be dismissed, as it was not subject to suit. *See* doc. 6 at 2-3. Roberson did not object to the recommendation, and it was adopted by the District Judge. *See* doc. 8. Upon her request for service by the United States Marshal, doc. 7, the Court directed her to clarify her claims against several of the other defendants. *See* doc. 9 at 4. She has complied. Doc. 10. The Court,

1

therefore, proceeds to consider whether her Amended Complaint is sufficient for service.

"Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.* at 678, and the facts offered in support of the claims must rise to a level greater than mere speculation, *Twombly*, 550 U.S. at 555. Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Roberson's Amended Complaint is a somewhat disordered and confusing document. First, it is comprised of two separate complaints without any clear indication of their relation. *Compare* doc. 10, *with* doc. 10-1. The first asserts 42 U.S.C. § 1983 claims against Correct Health, Triage Holding, Inc., Shawn Wood, Carlos Musso, John T. Wilcher, and the Chatham County Sheriff's Office. *See* doc. 10 at 2-4. In response to the form's prompt to identify the rights she contends were violated, she states only "[r]etaliation[, and r]efusal to allow counsel present when Garrity warning is common practice." *Id.* at 3.[1] The second asserts employment discrimination and retaliation claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act of 1990 ("ADA") against the same defendants. *See* doc. 10-1 at 2-5. Both sets of claims arise from the same facts, which are detailed in an exhibit attached to both complaints, but otherwise identical. *Compare* doc. 10 at 8-13, *with* doc. 10-1 at 9-14. Given the obligation to construe her pleading liberally, *see, e.g., Erickson v. Pardus*,

---

[1] " 'Garrity warnings' refer to the advice given to public employees before internal investigation interviews, pursuant to *Garrity v. New Jersey*, 385 U.S. 493 (1967), where the Supreme Court addressed 'whether a State, contrary to the requirement of the Fourteenth Amendment, can use the threat of discharge to secure incriminating evidence against an employee' and determined that it cannot. *Id.* at 499-500." *United States v. Pruitt*, 2009 WL 10670273, at *2 n. 4 (N.D. Ga. Apr. 22, 2009).

551 U.S. 89, 94 (2007), the Court interprets the two documents as, jointly, asserting alternative theories of liability, *cf.* Fed. R. Civ. P. 8(d)(2).

To the extent that Roberson apparently continues to assert § 1983 claims against the Chatham County Sheriff's Office, she has ignored the undersigned's and the District Judge's determination that no such claims are possible because the Sheriff's Office is not an entity subject to suit. *See* doc. 6 at 3 (citing *Dempsey v. Elmore*, 2008 WL 4491475, at *5 (S.D. Ga. Oct. 3, 2008)), *adopted* doc. 8. Her failure to acknowledge either determination is inexplicable. Regardless, the undersigned discerns no basis supporting reconsideration of the prior dismissal. *See, e.g., Aldana v. Del Monte Fresh Produce N.A., Inc.*, 578 F.3d 1283, 1288-89 (11th Cir. 2009) (while, "[u]nder the law of the case doctrine, an issue decided at one stage of a case is binding at later stages of the same case[,] [Cit.], . . . a courts previous rulings may be reconsidered as long as the case remains within the jurisdiction of the district court." (internal quotation marks and citations omitted)). The fact that the Sheriff's Department is not an entity subject to suit is equally fatal to her employment discrimination claims against it. *See Rhymer v. Clayton Cnty. Sheriff's Office*, 2023 WL 1971319, at *2 (N.D. Ga. Feb. 13, 2023) ("Under Georgia law, a Sheriff's

4

department . . . is not a legal entity capable of being sued." (citation omitted)); *Haugabrook v. Cason*, 2010 WL 4823485, at \*2-\*3 (M.D. Ga. Nov. 22, 2010) (dismissing employment claims against a school board because, under Georgia law, it lacked the capacity to sue or be sued). All of Plaintiff's claims against the Chatham County Sheriff's Department should, therefore, be **DISMISSED**.

Roberson's claims against Defendant Musso are also fatally defective under either § 1983 or the various employment statutes. She alleges that Musso is the "owner" of the two defendant entities, Correct Health and Triage Holdings. *See* doc. 10 at 3. She does not allege that Musso was involved in any way in the events giving rise to her claims. In fact, he is not mentioned at all in her factual allegations. *See* doc. 10 at 8-13; doc. 10-1 at 9-14. She, therefore, appears to assert his liability based solely upon his supervisory authority over the entities and their employees. Section 1983 does not impose such liability. *See, e.g., Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). Neither Title VII nor the ADA provide for individual liability at all. *See, e.g., Udoinyion v. The Guardian Security*, 440 F. App'x 731, 734 (11th Cir. 2011) (affirming dismissal of individual defendants "because both Title VII and the ADA

5

require that suits be brought only against employer-entities, not persons in their individual capacities."). Roberson's claims against Musso should, therefore, be **DISMISSED**.

Accordingly, Roberson's claims against the Chatham County Sheriff's Department and Musso either are already, *see* doc. 8, or should be **DISMISSED**. This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Plaintiff's claims against the remaining defendants, Correct Health, Triage Holdings, Wood, and Wilcher are, under at least one of the alternative theories asserted, not so obviously defective they cannot be served. Since she is proceeding *in forma pauperis*, she is entitled to service by the Marshals Service. *See* Fed. R. Civ. P. 4(c)(3). Her request for marshal service is, therefore, **GRANTED**. Doc. 7.

Since the Court approves for service plaintiff's claims upon defendants Correct Health, Triage Holdings, Wood, and Wilcher, a copy of her Amended Complaint, docs. 10 & 10-1, and this Order and Report and Recommendation, shall be served by the United States Marshal without prepayment of cost. The Court **DIRECTS** the Clerk of Court to serve a copy of this Order upon Plaintiff. In most cases, the marshal will first mail a copy of the complaint to a defendant by first-class mail and request the defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.5. Some defendants have a duty to avoid unnecessary costs of serving the summons, and any defendant who fails to comply with the request for waiver might bear the costs of personal service unless

7

good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d). The Court also provides the following instructions to the parties that will apply to the remainder of this action.

### INSTRUCTIONS TO PLAINTIFF

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action. Local R. 11.1. Plaintiff's failure to notify the Court of a change in her address **may result in dismissal of this case**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of every pleading or other document submitted for consideration by the Court on each Defendant (or, if appearance has been entered by counsel, the Defendant's attorney). Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to each Defendant or the Defendant's counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from a

Defendant, Plaintiff must initiate discovery. *See generally* Fed. R. Civ. P. 26 to Fed. R. Civ. P. 37. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local R. 26.4.

Plaintiff has the responsibility for maintaining her own records of the case. If Plaintiff loses papers and needs new copies, she may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page.

If Plaintiff does not press her case forward, the court may dismiss it for failure to prosecute. Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate in any discovery initiated by a Defendant. Upon no less than five days' notice of the scheduled deposition date, Plaintiff must appear and permit her deposition to be taken and must answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order.  A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file her own version of the Proposed Pretrial Order.

### ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

A Defendant may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve her response to the motion within 14 days of its service.  Failure to respond shall indicate that there is no opposition to a motion.  Local R. 7.5.  Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that she does not oppose the Defendant's motion.  Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion.  Local R. 7.5, 56.1.  The failure

to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in a Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. If a Defendant files a motion for summary judgment, Plaintiff will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be met by reliance on the conclusory allegations contained within the complaint. If a Defendant's motion for summary judgment is supported by affidavit, Plaintiff must file counter-affidavits if she wants to contest Defendant's statement of the facts. If Plaintiff fails to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in the Defendant's affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 25th day of April, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA